UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

CHRISTOPHER MARUCCI,

           Plaintiff,

           v.

TOWNSHIP OF WEST ORANGE et al.,

           Defendants.

Civil Action No. 10-2163 (PGS-ES)

**REPORT AND RECOMMENDATION**

**SALAS, United States Magistrate Judge**

    Before this Court is Plaintiff Christopher Marucci's [the "Plaintiff"] motion to remand [the "Motion to Remand"]. (Docket Entry No. 3). Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the undersigned for report and recommendation. For the reasons set forth below, the undersigned recommends granting the Motion to Remand.

**I. BACKGROUND**

    On March 18, 2010, Plaintiff, a former police officer with the West Orange Police Department [the "Police Department"], filed a complaint in Morris County Superior Court [the "State Court Action"], alleging two causes of action under the New Jersey Civil Rights Act ["NJCRA"] and the New Jersey Conscientious Employee Protection Act ["CEPA"]. (Docket Entry No. 3-1, pg. 2). Plaintiff alleges that defendants Township of West Orange [the "Township"], the West Orange Police Department, Chief Abbott, Captain Buoye, Captain Corcoran and Lieutenant

Montesion [collectively the "Defendants"], retaliated against him in violation of the NJCRA and CEPA because of his involvement in a successful union grievance against the Township. (Docket Entry No. 3-1, pg. 2, 10).

Previously, on October 29, 2009, Plaintiff was named as a defendant in the action entitled *Gilmore, et al. v. West Orange Officer Keith Reilly, et al.* Civil Action No. 09-5956 (DRD), filed by Tyrone Williams and Samuel Gilmore against the Township, the Police Department, Chief Abbott, Officers Keith Reilly and William Sayers and Plaintiff alleging race-based violations of their federal civil rights, constitutional claims and state law claims arising from an August 5, 2008 stop where both Williams and Gilmore were arrested [the "Federal Court Action"]. (Docket Entry 3-1, pg. 10).

On March 29, 2010, Plaintiff served the summons and complaint upon Defendants. Defendants filed a notice of removal on April 29, 2010. (Docket Entry No. 1). On May 28, 2010, Plaintiff filed the Motion to Remand claiming that this Court lacks subject matter jurisdiction over Plaintiff's claims because (1) Plaintiff's complaint does not present a federal question and (2) no diversity of citizenship exists between Plaintiff and Defendants. (Docket Entry No. 3-1, pg. 1-2). Although Plaintiff referenced two federal statutes seeking attorneys fees pursuant to 42 U.S.C. §§ 1985 and 1988 in his complaint, Plaintiff contends the references were in error and has since agreed to dismiss them. Defendants' oppose remand arguing (1) the Court may maintain subject matter jurisdiction over Plaintiff's claim because the federal claims are present in the complaint and the Court is empowered to maintain jurisdiction; (2) this case should be consolidated with the Federal

Court Action[1] and; (3) this case should be dismissed for failure to state a claim and other arguments.[2] (Docket Entry No. 4).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States..." 28 U.S.C. § 1441(a); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Since federal courts are of limited jurisdiction, actions can only be removed to federal court pursuant to § 1441(a) if the action arises under the Constitution or laws and treaties of the United States, providing a federal question, or the matter in controversy exceeds $75,000 and consists of a dispute between citizens of different states, providing diversity of citizenship.  28 U.S.C. §§ 1331, 1332.

On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand.  *Id*; *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiff seeks to remand this case on the grounds that this Court lacks subject matter

---

[1] Judge Debevoise denied Defendants' motion to consolidate the Federal Court Action with the State Court Action by in an order dated June 17, 2010.  (Docket No. 09-5956, Docket Entry No. 31, pg. 1-2).  As such, the court will not address the arguments related to consolidation.

[2] Since this Court finds that it lacks subject matter jurisdiction, the court will not address Defendants' arguments in favor of dismissal.

jurisdiction over Plaintiff's claims because (1) Plaintiff's complaint does not present a federal question and (2) no diversity of citizenship exists between Plaintiff and Defendants. (Docket Entry No. 3-1, pg. 1-2). Plaintiff's complaint contains two state law causes of action, arising under NJCRA and CEPA. (Docket Entry No. 3-1, pg. 12). Since Plaintiff has stated he wishes to remove the references to the two federal statutes, and it is uncontested that there is no diversity of citizenship between Plaintiff and Defendants, the Court finds that it lacks subject matter jurisdiction over this matter. Defendant has not set forth any authority that the Court may maintain jurisdiction over a matter once the Plaintiff has agreed to dismiss all references to federal law in the complaint. Therefore, this Court recommends that the two references to the federal statutes be removed and the District Court grant the Motion to Remand.

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **GRANT** Plaintiff's Motion to Remand. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**